UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESUS ARREDONDO,

    Plaintiff,

                                          CASE NO.:

vs.

AFI CONSTRUCTION, INC., a
Florida Profit Corporation and
JORGE QUINTERO, Individually,

    Defendants.               /

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JESUS ARREDONDO, ("Plaintiff"), was an employee of Defendants, AFI CONSTRUCTION, INC. ("AFI") and JORGE QUINTERO, ("QUINTERO") or (collectively as "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

### INTRODUCTION

1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 207(a).

2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

1

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief and reasonable attorney's fees and costs.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

8. At all times material hereto, Plaintiff was a resident of Polk County, Florida.

9. Defendant, AFI, a Florida Profit Corporation, conducts business in, Polk County, Florida, therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

10. Defendant, AFI, a Florida Profit Corporation, is in the business of operating a construction business located at 8420 Epicenter Blvd #5, Lakeland, FL 33809.

11. At all times relevant to this action, QUINTERO was an individual resident of the State of Florida, who owned and/or operated AFI, and who regularly exercised the authority to: (a) hire and fire employees of AFI; (b) determine the work and pay schedules for the employees of AFI; (c) control the finances and operations of AFI; (d) controlled the manner within which work was performed by Plaintiff; (e) set pay rates and controlled all payroll functions; and (f) was responsible for the overall business operations of AFI.

12. Defendants are and/or were "joint-employers" of Plaintiff because Defendants exercised full control over the manner in which Plaintiff performed his duties, set his schedule, provided him with all the necessary supplies and tools to complete his work, had the authority to hire/fire Plaintiff, had the authority to discipline Plaintiff, determined his rate of pay and method of payment, and maintained Plaintiff's employment records. As such, all Defendants are jointly and severally liable under the FLSA for any and all of Plaintiff's claims and/or damages.

13. The Plaintiff in this action was employed by Defendants as an hourly paid non-exempt supervisor employee from on or around January 2015 to June 7, 2019 earning approximately $14.25 per hour for all hours up to and including forty (40) in each workweek, but who did not receive pay at time and one-half times his regular rate of pay for his hours worked in excess of forty (40) hours per week during one or more workweeks.

## COVERAGE

14. At all material times during the last three years, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

15. At all material times during the last three years, Defendants were an employer as defined by 29 U.S.C. § 203(d).

16. Based upon information and belief, Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated) during the relevant time period.

17. At all times material, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. drills, drywall, concrete, ladders, tools, and/or machinery).

18. Therefore, Defendants is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

19. In addition, during Plaintiff's employment, Defendants employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including, but not limited to, drills, building supplies, drywall, concrete, ladders, tools, vehicles, and/or any other type of machinery which

were used to run the business. Therefore, at all relevant times, Plaintiff has or had individual coverage under the FLSA.

## GENERAL ALLEGATIONS

20. Defendant, AFI, is a company classified as, among other things, a construction company.

21. Defendants were an "employer" of Plaintiff within the meaning of the FLSA.

22. Plaintiff was an employee of Defendants within the meaning of the FLSA.

23. Plaintiff performed non-exempt supervisor duties for Defendants.

24. Plaintiff worked in this capacity from approximately January 2015 to June 7, 2019.

25. Plaintiff earned at an hourly- rate in exchange for work performed during the last three (3) years.

26. Plaintiff routinely worked in excess of forty (40) hours per week as part of his regular job duties.

27. Despite working more than forty (40) hours per week during one or more workweeks, Defendants failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek, contrary to 207 (a) of the FLSA.

28. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime compensation to Plaintiff. Plaintiff, among others, routinely complained to Defendants regarding the fact that Plaintiff and others were not being properly compensated pursuant to the FLSA, but Defendants still willfully refused to

change their illegal pay practices. Thus, Defendants were aware they were violating the FLSA and willfully/intentionally made the decision to continue doing so.

28. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

30. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

31. Defendants failed to maintain proper time records as mandated by law.

32. Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34. Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

35. During the relevant time period (last three years) during his employment with Defendants, Plaintiff worked overtime hours, but was not paid time and one-half compensation for same during one or more workweeks.

36. Defendants had knowledge of the overtime hours worked by Plaintiff.

37. Defendants were aware of laws which required employees to be paid at time and one half their regular rate of pay for hours worked over forty (40) within a workweek.

38. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of his regular rate of pay for each hour worked in excess of forty

6

(40) per workweek in one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

39. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek as allowable under the FLSA statute of limitations period;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: July 31, 2020.

Respectfully submitted by,

**/s/ Gregory R. Schmitz**
GREGORY R. SCHMITZ, ESQ.
Florida Bar No.:  0094694
20 North Orange Avenue, 15th Floor
Orlando, Florida 32801

        Telephone:  (407) 204-2170
        Facsimile:   (407) 563-9986
        E-mail: gschmitz@forthepeople.com
           mbarreiro@forthepeople.com
       ***Attorney for Plaintiff***